IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:09-cv-00240-SJM |
| | ) | |
| ERIE COKE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

CONSENT DECREE

1

## CONSENT DECREE

A.      Plaintiff, the United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA") ("Plaintiff"), with the Pennsylvania Department of Environmental Protection ("PADEP"), filed a Complaint in this matter on September 22, 2009.

B.      The Complaint alleges that the Defendant, Erie Coke Corporation ("Erie Coke" or "Defendant"), violated the Clean Air Act ("CAA" or the "Act"), 42 U.S.C. §§ 7401-7671q, and the Pennsylvania State Implementation Plan (the "SIP"), at the Erie Coke facility located in Erie, Pennsylvania ("Facility"). The Complaint, pursuant to 42 U.S.C. § 7413(b), seeks injunctive relief and civil penalties.

C.      The United States and Defendant (the "Parties") have agreed on terms to settle this action. By entering into this Consent Decree, Defendant makes no admission of liability with respect to the alleged violations set forth in the Complaint or this Consent Decree. The Parties have agreed that settlement of this action is in the public interest and that entry of this Consent Decree without further litigation is the most appropriate means of resolving this action.

NOW THEREFORE, with the consent of the Parties, and without the admission of any fact or law, except as provided in Section I below, it is ADJUDGED, ORDERED, and DECREED as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

2. Defendant does not contest the Court's jurisdiction over this action or over Defendant, and Defendant does not contest venue in this judicial district.

3. Notice of the commencement of this action has been given to the PADEP in accordance with § 113(b) of the Act, 42 U.S.C. § 7413(b).

## II. APPLICABILITY

4. The obligations of this Consent Decree apply to and are binding on the Parties, their assigns and successors.

5. At least thirty (30) days prior to transferring ownership or operation of Defendant's Facility to any other person, Defendant must provide a copy of this Consent Decree to each prospective successor owner or operator. No transfer will relieve Defendant of its obligations to ensure that the terms of this Consent Decree are implemented, including but not limited to Section VIII ("Compliance Requirements").

6. Defendant must provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Consent Decree, as well as to any contractor retained by Defendant to perform work required under this Consent Decree.

7. In any action to enforce this Consent Decree, Defendant may not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

3

### III. DEFINITIONS

8.      Unless otherwise expressly provided herein, this Consent Decree incorporates the definitions in the CAA and in the regulations promulgated pursuant to the CAA.

### IV. DEFENDANT

9.      Erie Coke was, at times relevant to this matter, the owner and operator of the Facility.

10.     Defendant is a "person" as defined in Section 302(e) of the CAA, 42 U.S.C. § 7602(e), and within the meaning of Section 113(d) of the CAA, 42 U.S.C. § 7413(d).

### V. CIVIL PENALTY

11.     Defendant shall pay to the United States a civil penalty in the amount of Three Hundred Thousand Dollars ($300,000.00) in U. S. currency in settlement of the claims for civil penalties alleged in the Complaint filed herein. Payment will be made pursuant to the provisions of Paragraph 13 within thirty (30) calendar days after the date of entry of this Consent Decree by the Court (the "Effective Date").

12.     No portion of the civil penalty paid pursuant to this Consent Decree may be used to reduce Defendant's federal or state tax obligations.

13.     The payment of Three Hundred Thousand Dollars ($300,000.00) in U.S. currency to the United States must be made by Electronic Funds Transfer ("EFT") to the United States Department of Justice, in accordance with current EFT procedures, referencing DOJ case number 90-5-2-1-09614. Payment shall be made in accordance with instructions provided by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Western District of Pennsylvania. The costs of such EFT shall be paid by Defendant. Any funds received after

4

11:00 a.m. (Eastern Time) shall be credited on the next business day. Defendant shall provide

notice of payment, referencing the U.S.A.O. File Number (which number will be supplied as part

of the EFT instructions given by the FLU contact), the DOJ Case Number 90-5-2-1-09614, and

the civil action case name and number, to the United States and EPA in accordance with Section

XVIII. Defendant shall also provide notice of the payment to the following:

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> Post Office Box 7611
> Washington, D.C. 20044
>
> Re: DJ # 90-5-2-1-09614
>
> Docket Clerk (3RC00)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103

## VI. INTEREST

14.     If Defendant fails to make timely payment to the United States as set forth in

Section V, above, Defendant shall be liable for interest on the late payment, as provided at 28

U.S.C. § 1961.

## VII. DEFAULT

15.     If Defendant does not pay in full the civil penalty, as required by Section V,

above, Defendant is liable for any reasonable attorney's fees, whether suit be brought or not, and

all other costs and expenses actually and reasonably incurred by the United States in connection

with collecting the civil penalty.

16.     This Consent Decree will be considered an enforceable judgment against Defendant for purposes of post judgment collection under Federal Rule 69, Federal Rules of Civil Procedure, and other applicable statutory authority without further order of this Court.

### VIII. COMPLIANCE REQUIREMENTS

17.     Consistent with the terms of this Decree, Erie Coke shall control fugitive particulate emissions from the Facility by implementing the following Interim Measures:

a.     Within 180 days of entry by the Court of this Consent Decree, set the battery heating system in order to maximize the combustion efficiency for the coke oven gas fuel, which includes but is not limited to: ensuring that the reversing mechanism is working and properly timed, that the air boxes are properly set for good combustion, and that the ovens close tightly;

b.     Within 90 days of the entry of this Consent Decree and until the Coke Shed Project required by the State Agreement entered by the Commonwealth Court of Pennsylvania on July 6, 2010 (the "State Agreement") is completely installed and operating, submit certification that Defendant continues to maintain the water spray air pollution control system on the hot car on the coke side of the batteries;

c.     Within 90 days of the entry of this Consent Decree, submit to the United States for approval a plan for inspecting and repairing or replacing door plugs, jamb clips, and jambs on all operating coke ovens and for operating and maintaining the ovens to improve efficiency and reduce emissions from Defendant's coking operations (the "Plan"), with the proviso that the Plan will not require interference with the battery rebuilds or the end flue repairs required by the State Agreement;

6

      d.      Defendant shall implement the Plan until the Coke Shed Project is completely installed and operating;

      e.      Within 90 days of the entry of this Consent Decree, submit certification and receipts and work records demonstrating replacement of damaged or missing sheeting on the screening station located at the Facility, as marked on the map attached as Appendix A, for the purpose of improving fugitive dust control at that site;

      f.      Within 90 days of entry of this Consent Decree and in each report required pursuant to Section IX of this Consent Decree until the termination of this Consent Decree, submit certification and work records demonstrating regular fugitive dust suppression from roads and storage areas by watering or sweeping.

18.      This Consent Decree in no way relieves Defendant of its responsibility to comply with the requirements of all applicable federal, state and local laws, permits and regulations, including the SIP and the State Agreement.

## IX. REPORTING

19.      Erie Coke must submit semi-annual reports ("Report" or "Reports"), beginning not later than 180 calendar days following the Effective Date, to EPA Region III. Erie Coke shall continue its Reports until termination of this Consent Decree, as provided in Paragraph 65 below. The Reports shall be submitted to the persons identified in Paragraph 60 for the United States Environmental Protection Agency. Except for the initial Report, Reports shall be due every following June 15 and December 15 (or the next business day thereafter if a Saturday or Sunday) until no longer required by this Consent Decree. Each Report must contain the following:

7

a. a description of the activities undertaken to comply with the requirements of Section VIII, Paragraph 17 , c, d and f ("Compliance Requirements") above since the Effective Date or the submission of the latest report.  The initial report shall describe the activities taken to comply with the requirements of Section VIII, Paragraph 17, a and e; and

b. a list of the items that have been completed pursuant to Section VIII, paragraph 17, above, and all documentation relating thereto.

20.    Each Report and any other document required to be submitted pursuant to the terms of this Consent Decree must contain a certification signed by a responsible corporate officer of Erie Coke.  The certification must read:

"I, _____, certify under penalties of law that the information contained in or accompanying this (submission/document) is true, accurate, and complete. As to the identified portion(s) of this (submission/document) for which I cannot personally verify (its/their) truth and accuracy, I certify as the official with supervisory responsibility for the person(s) who, acting under my direct instructions, made the verification, that this is true, accurate, and complete."

## X. STIPULATED PENALTIES

21.    Subject to the Force Majeure and Dispute Resolution provisions of this Consent Decree, Erie Coke must pay Stipulated Penalties in the amounts set forth below for each failure to comply with the requirements of this Consent Decree.  "Compliance" includes payment of the civil penalty, together with any accrued interest, and completion of the requirements under this Consent Decree in the manner and within the specified time schedules established by and approved under this Consent Decree, as set forth in Section VIII ("Compliance Requirements").  "Compliance" also includes the timely reporting under Section IX of this Consent Decree.

22.     The following Stipulated Penalties will accrue per violation per day for any noncompliance with the provisions of Sections V and VIII of this Consent Decree:

| Period of Failure to Comply | Violation Per Day |
|---|---|
| 1st through 30th day | $250.00 |
| 31st through 60th day | $500.00 |
| 61st day and beyond | $1,000.00 |

23.     For violations of Section IX of this Consent Decree, Stipulated Penalties will accrue at a rate of $500 per day for the first thirty (30) days, and $1,000 per day thereafter.

24.     All Stipulated Penalties must be paid within thirty (30) calendar days after the United States makes a demand for payment. Stipulated Penalties are payable in accordance with the following Paragraphs.

25.     The United States may, in the unreviewable exercise of its discretion, reduce or waive Stipulated Penalties otherwise due under this Consent Decree.

26.     Notwithstanding the date of any demand for Stipulated Penalties pursuant to Paragraph 24, all Stipulated Penalties will begin to accrue on the day after the performance is due. Stipulated Penalties will continue to accrue until performance is completed. Stipulated Penalties shall accrue simultaneously for separate violations of this Consent Decree.

27.     Notwithstanding Paragraph 24 of this Consent Decree, Stipulated Penalties will continue to accrue as provided in accordance with Paragraphs 21-23 during any Dispute Resolution, with interest in accordance with Paragraph 14, but need not be paid until the following:

9

    a.  if the dispute is resolved by agreement or by a decision by EPA that is not appealed to the Court, accrued Stipulated Penalties determined to be due, together with accrued interest, must be paid to the United States within thirty (30) calendar days of the Effective Date of the agreement or the receipt of EPA's decision or order;

    b.  if the dispute is appealed to the Court and the United States prevails in whole or in part, Erie Coke must, within sixty (60) calendar days after receipt of the Court's decision or order, pay all accrued Stipulated Penalties determined by the Court to be due, together with accrued interest, except as provided in Subparagraph c, below;

    c.  if the District Court's decision is appealed by any Party, Erie Coke must, within fifteen (15) calendar days of receipt of the final appellate court decision, pay all accrued Stipulated Penalties determined to be owing to the United States, together with accrued interest.

28.    Stipulated penalties under this Section shall be paid in the same manner set forth in Section V (Civil Penalty) of this Consent Decree.

29.    Erie Coke must pay interest on any balance of Stipulated Penalties not paid as of the time payment is due under the terms of this Consent Decree. Interest on Stipulated Penalties will be computed as provided for in 28 U.S.C. § 1961. If any Stipulated Penalty is not paid in full when due, the United States is entitled to recover the costs (including attorneys fees) incurred in any action necessary to collect any Stipulated Penalty or interest thereon.

30. Subject to the provisions of Section XV ("Effect of Settlement/ Reservation of Rights"), the Stipulated Penalties provided for in this Consent Decree are in addition to any other rights, remedies, or sanctions available to the United States for Erie Coke's violation of this Consent Decree or applicable law. Where a violation of this Consent Decree is also a violation of any applicable statute or regulation, Erie Coke shall be allowed a credit, dollar for dollar, for any stipulated penalties paid, against any statutory penalties imposed for such violations, including penalties resulting from enforcement pursuant to Paragraphs 54 and 58.

## XI. FORCE MAJEURE

31. "Force Majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, its contractors, or any entity controlled by Defendant that delays the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation. "Best efforts" includes using best efforts to anticipate any potential Force Majeure event and to address the effects of any such event: (a) as it is occurring; and (b) after it has occurred, such that the delay is minimized to the greatest extent possible. "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

32. Examples of events that are **not** Force Majeure include, but are not limited to, unanticipated or increased costs or expenses of work, financial difficulties encountered by Defendant in performing such work, and the failure of Defendant or its representatives including contractors to make complete and timely application for any required approval or permit.

33. If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, as to which Defendant intends to assert a claim of Force

11

Majeure, Defendant must provide notice in writing, as provided in Section XVII ("Notices") of this Consent Decree, not later than ten (10) business days after Defendant first knew of the event, or by the exercise of due diligence reasonably should have known of the event. Notification must include an explanation and description of the reasons for the delay; the anticipated duration of the delay; a description of all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; and Defendant's rationale for attributing the delay to a Force Majeure event. Failure to comply with these requirements will preclude Defendant from asserting any claim for Force Majeure.

34.    EPA will notify Defendant in writing of its agreement or disagreement with Defendant's claim of Force Majeure. If EPA agrees that a Force Majeure event has occurred, EPA will notify Defendant in writing of its agreement to extend the time for Defendant to perform the affected requirements for the time necessary to complete those obligations. An extension of time to perform the obligations affected by a Force Majeure event shall not, by itself, extend the time to perform any other obligation.

35.    If EPA does not agree that a Force Majeure event has occurred, or does not agree to the extension of time sought by Defendant, EPA's position shall be binding, unless Defendant invokes Dispute Resolution under Section XII of this Consent Decree. In any such dispute, Defendant bears the burden of proving, by a preponderance of the evidence, that each claimed Force Majeure event is a Force Majeure event, that Defendant gave the notice required by Paragraph 33, that the Force Majeure event caused any delay that Defendant claims was

12

attributable to that event, and that Defendant exercised best efforts to prevent or minimize any delay caused by the event.

36.     Stipulated Penalties will not be due for the number of days of noncompliance determined to be caused by a Force Majeure event as defined in this Section.

## XII. DISPUTE RESOLUTION

37.     Unless otherwise expressly provided for in this Consent Decree, the Dispute Resolution procedure of this Section is the exclusive mechanism to resolve all disputes arising under this Consent Decree. The procedures set forth in this Section do not apply to actions by the United States to enforce obligations of Defendant that have not been disputed in accordance with this Section.

38.     Any dispute which arises under or with respect to this Consent Decree will in the first instance be the subject of informal negotiations between the Parties. The period for informal negotiations may not exceed thirty (30) days from the time the dispute arises, unless it is modified by written agreement of the Parties. The dispute will be considered to have arisen when one Party sends the other Party a written Notice of Dispute.

39.     If the Parties cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by EPA will be considered binding unless, within fourteen (14) calendar days after the conclusion of the informal negotiations period, Defendant invokes the formal Dispute Resolution procedures by serving on the United States, in accordance with Section XVII ("Notices") of this Consent Decree a written Statement of Position on the matter in dispute, including, but not limited to, any supporting factual data, analysis, opinion, or documentation.

13

40.     Within fourteen (14) calendar days after receipt of Defendant's Statement of Position, the United States will serve on Defendant its Statement of Position, including any supporting factual data, analysis, opinion or documentation. Within fourteen (14) days after receipt of the United States' Statement of Position, Defendant may submit a reply.

41.     An administrative record of the dispute must be maintained by EPA and must contain all statements of position, including any supporting factual data, analysis, opinion or documentation, submitted pursuant to this Section.

42.     The Director of EPA Region III's Air Protection Division, ("APD Director"), or a properly designated representative, will issue a final decision resolving the dispute. The final decision shall be based on the administrative record. The decision of the Director will be binding on Defendant, subject only to the right to seek judicial review, in accordance with Paragraph 43, below.

43.     The decision issued by EPA under Paragraph 42 may be reviewed by this Court upon a motion filed by Defendant and served upon the United States within fourteen (14) days of receipt of EPA's decision.

44.     The United States shall respond to Defendant's motion within the time period allowed by the local rules of this Court. Defendant may file a reply memorandum to the extent permitted by the local rules.

45.     In any dispute brought under this Section XII, Defendant shall bear the burden of demonstrating that its position clearly complies with this Consent Decree. The review of any such dispute shall be based on the administrative record and must be upheld unless arbitrary and capricious or otherwise not in accordance with law.

14

46.     The invocation of formal Dispute Resolution procedures under this Section will not extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree not directly in dispute, unless the United States or the Court agrees otherwise. Stipulated Penalties with respect to the disputed matter will continue to accrue from the first day of noncompliance, but payment will be stayed pending resolution of the dispute as provided in Paragraph 42. In the event that Defendant does not succeed on the disputed issue, Stipulated Penalties will be assessed and paid as provided in Section X ("Stipulated Penalties").

## XIII. INFORMATION COLLECTION AND RETENTION

47.     The United States and its representatives, including attorneys, contractors, and consultants, will have the right of entry to any Facility covered by this Consent Decree, at all reasonable times during normal hours of operation and consistent with Facility safety requirements, upon presentation of credentials to:

      a.   monitor the progress of all requirements under this Consent Decree;

      b.   verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

      c.   assess Defendant's compliance with this Consent Decree.

48.     Until the termination of this Consent Decree, Defendant must preserve, and must instruct its contractors and agents to preserve, all non-identical copies of all records and documents (including documents in electronic form) now in its or its contractors' or agents' possession or control that relate in any manner to Defendant's performance of its obligations under this Consent Decree. This record retention requirement will apply regardless of any corporate document-retention policy to the contrary.

49.     Upon request by the United States, until the termination of this Consent Decree, Defendant must deliver any such records or documents to EPA. Defendant may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendant asserts such a privilege, it must provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege claimed by Defendant. No documents, reports, or other information created or generated pursuant to the requirements of this Consent Decree may be withheld on the grounds that they are privileged.

50.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal or state laws, regulations, or permits.

## XIV. FAILURE OF COMPLIANCE

51.     The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CAA, 42 U.S.C. §§ 7401 to 7671q, including, the federally approved provisions of the SIP. Notwithstanding the United States' review and approval of any document(s) submitted to it by Defendant pursuant to this Consent Decree, Defendant will remain solely responsible for compliance with the terms of the CAA and this Consent Decree.

16

## XV. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

52.     Satisfaction of all of the requirements of this Consent Decree constitutes full settlement of, and shall resolve all civil liability of Defendant to the Plaintiff for, all claims in the Complaint and any federally enforceable violations of 25 Pa. Code Section 123.41 and 25 Pa. Code 129.15(c), through the date of lodging of this Consent Decree with the Court. Nothing in this Consent Decree is intended to operate in any way to preempt any state enforcement actions or to resolve any other civil claims or any criminal liability of Defendant.

53.     Neither this Consent Decree, nor any requirement hereunder, is to be interpreted to be a Permit, or a modification of an existing Permit, issued pursuant to the CAA, 42 U.S.C. §§ 7401 to 7671q, nor will it in any way relieve Defendant of any obligation to obtain a Permit and comply with the requirements of any Permit or with any other applicable federal or state, and local statutes and regulations.

54.     This Consent Decree may not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the CAA, or under other federal or state laws, regulations, or permit conditions, except for any of the allegations contained in the Complaint or the provisions of this Consent Decree.

55.     Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state and local laws, regulations, and permits. Defendant's compliance with this Consent Decree is not a defense to any action commenced pursuant to said laws, regulations, or permits.

56.     This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the

17

rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

57.     This Consent Decree may not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

58.     The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated herein.

## XVI. COSTS

59.     The Parties will each bear their own costs of litigation of this action, including attorneys' fees, except as provided in Paragraphs 15 and 29.

## XVII. NOTICES

60.     Except as otherwise provided in this Consent Decree, whenever written notifications, submissions, or communications to the United States or to the Defendant are required by this Consent Decree, they must be made in writing and addressed as follows:

As to the United States:

United States Department of Justice
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

  Re:  DOJ No. 90-5-2-1-09614

Or by Overnight Courier Service to

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D. Street, N.W., Room 2121
Washington, D.C. 20004

Re:  DOJ No. 90-5-2-1-09614

18

United States Environmental Protection Agency
Chris Pilla, Chief
U.S. Environmental Protection Agency
Region III – Air Protection Division
Air Enforcement Branch
Mail Code -3AP12
1650 Arch Street
Philadelphia, PA 19103-2029

with copies submitted simultaneously to:

Daniel Boehmcke, Esq.
Senior Assistant Regional Counsel
Mail Code – 3RC10
1650 Arch Street
Philadelphia, PA 19103-2029

As to Erie Coke Corporation

President
Erie Coke Corporation
P.O. Box 6180
Erie, PA  16512

With copies submitted simultaneously to: Louis A. Naugle, Esquire
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Suite 1200
Pittsburgh, PA  15222-2716

Any Party may, by written notice to the other Party, change its designated notice recipient or notice address provided above.

61.    Notifications to or communications shall be deemed submitted on the date they are:  hand-delivered; postmarked and sent by certified mail, return receipt requested; or sent by overnight courier service, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.  Any such materials shall include a reference to the name, caption and number of this action.

19

## XVIII. **RETENTION OF JURISDICTION**

62.    The Court will retain jurisdiction of this case until termination of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court for such further order, direction, or relief as may be necessary or appropriate for the construction or modification of this Consent Decree, to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XII ("Dispute Resolution") of this Consent Decree.

## XIX. **MODIFICATION**

63.    With the exception of modifications of timelines to account for Force Majeure events as described in Section XI, the terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to any term of this Consent Decree, it will be effective only upon approval by the Court. The terms and schedules contained in Section VIII ("Compliance Requirements") of this Consent Decree may be modified upon written agreement of the Parties without Court approval, unless any such modification effects a material change to the terms of this Consent Decree or materially affects Defendant's ability to meet the objectives of this Consent Decree.

64.    This Consent Decree shall be effective upon the date of its entry by the Court (the "Effective Date").

65.    This Consent Decree shall terminate upon termination of the State Agreement, provided that Defendant serves upon the United States a Notice of Termination, stating that Defendant has satisfied the requirements of the State Agreement and attaching supporting documentation, such as PADEP's written notice that it has verified Erie Coke's compliance or the Commonwealth Court's Order of termination.

66. Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the Parties shall submit for the Court's approval, a joint stipulation terminating the Decree.

67. If the United States does not agree that the Decree may be terminated, the Defendant may submit the matter to the Court for determination as to whether the conditions for termination have been satisfied.

## XXI. PUBLIC PARTICIPATION

68. This Consent Decree will be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the public comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. If no changes to the Decree are proposed in response to public comments, Defendant consents to the entry of this Consent Decree without further notice and will not oppose entry of this Consent Decree.

## XXII. SIGNATORIES/SERVICE

69. Each undersigned representative of Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice (or his or her delegatee) certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents.

70.     This Consent Decree may be signed in counterparts, and such counterpart signature pages will be given full force and effect.

71.     Defendant agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Consent Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Consent Decree.

72.     Defendant hereby agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements of Rule 4 of the Federal Rules of Civil Procedure ("FRCP") and any applicable Local Rules of this Court.

## XXIII. INTEGRATION

73.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written relating to settlement of this matter. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor can it be used in construing the terms of this Consent Decree.

## XXIV. FINAL JUDGMENT

74.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree will constitute a final judgment of the claims settled herein.

So Ordered and Approved this _29th_ day of _September_, 2011.

_____
United States District Judge

22